**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**

In re application of

CMPC CELULOSE RIOGRANDENSE LTDA.,

For an Order Pursuant to 28 U.S.C. § 1782 to Take
Discovery of Fernando Lorenzo.

Misc. Civil No. 19-mc-_____

**APPLICATION FOR AN ORDER TO TAKE DISCOVERY**
**FOR USE IN A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782**

CMPC Celulose Riograndense Ltda. ("CMPC"), hereby applies to this Court for an *ex parte* order authorizing it to take discovery pursuant to 28 U.S.C. § 1782 (the "Application"). Specifically, CMPC asks the Court to authorize the service of a subpoena upon Fernando Lorenzo, an individual found in this District, seeking deposition testimony and documents in aid of a pending civil lawsuit in Brazil.

As fully explained in the accompanying memorandum of law, the facts upon which CMPC bases this application are set forth in the accompanying Declaration of Rodrigo Cogo, dated March 13, 2019 (the "Cogo Decl.") and the exhibits thereto, incorporated herein by reference and summarized as follows:

      1.  CMPC is a Brazilian subsidiary of Chile-based Empresas CMPC S.A., one of the largest producers of pulp and paper products in Latin America.  (Cogo Decl. ¶ 7.)

2.  In February 2017, CMPC suffered an industrial accident (the "Incident") and related damage to a commercial boiler at CMPC's pulp mill in Guaíba, Brazil (the "Plant"). (*Id.* ¶ 17.)

3.  After the Incident, CMPC filed an insurance claim with Mapfre Seguros Gerais S/A, the direct insurer, and Factory Mutual Insurance Company ("FM Global"), the reinsurer, to seek coverage for the Incident. (*Id.* ¶¶ 25-26.) FM Global then hired Addvalora Brasil Reguladora de Sinistros Ltda. ("Addvalora"), a Brazilian adjuster, to conduct what was supposed to be an independent evaluation of CMPC's insurance claim. (*Id.* ¶ 27.) Instead, Addvalora allowed FM Global to lead the adjustment process so that CMPC's coverage claim would be denied. (*Id.* ¶ 44.)

4.  On March 11, 2019, CMPC filed an action against Addvalora (the "Addvalora Litigation") with the Civil Court of the Central District of São Paulo, Brazil (the "Brazilian Court"). (*Id.* ¶ 55.) In the pending Addvalora Litigation, CMPC seeks a declaration that Addvalora tortiously violated its duties as adjuster by failing to act in an independent and unbiased manner. (*Id.* ¶ 55.) CMPC also seeks damages consisting of the costs and expenses it incurred in the adjustment process. (*Id.*)

5.  Fernando Lorenzo served as one of Addvalora's key technical experts in evaluating CMPC's insurance claim. (*Id.* ¶ 30.) His deposition testimony is highly relevant to the claims at issue in the Addvalora Litigation, in particular that Addvalora breached its fiduciary duties by running an adjustment process that was not independent. (*Id.* ¶ 57.)

6.  Because Mr. Lorenzo is a non-resident of Brazil and not a party to the Addvalora Litigation, the Brazilian court lacks the ability to compel Mr. Lorenzo to provide the deposition testimony and documents CMPC seeks in the United States. (*Id.* ¶ 61.)

7. Although the discovery that CMPC now seeks would be unavailable to it in the Addvalora Litigation, Brazilian courts are nonetheless receptive to evidence obtained via 28 U.S.C. § 1782 discovery. (*Id*. ¶ 64.)

8. As set forth in the accompanying memorandum of law, this Application meets the statutory requirements of 28 U.S.C. § 1782 for such discovery. The factors articulated in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004) also strongly counsel in favor of the Court granting the Application in its discretion.

9. CMPC has provided notice of this application to Addvalora, the only other party to the Addvalora Litigation. (Cogo Decl. ¶ 3.)

10. CMPC has filed this Application on an *ex parte* basis with respect to the discovery target, Mr. Lorenzo. Courts frequently issue orders granting 28 U.S.C. § 1782 applications on an *ex parte* basis. *In re Application of Eurasian Bank Joint Stock Co. for Expedited Judicial Assistance Pursuant to 28 U.S.C. § 1782.*, 2015 WL 6438256, at *1 (N.D. Tex. Oct. 21, 2015) ("[E]*x parte* filing of an application for discovery under 28 U.S.C. § 1782 is permissible") (unreported decision); *see also, e.g.*, *Chevron Corp. v. 3TM Consulting, LLC*, 2010 WL 8814519, at *1 (S.D. Tex. Apr. 5, 2010) (noting application brought *ex parte*); *In re Grupo Mexico Sab De CV*, 2014 WL 12691097, at *1 (N.D. Tex. Oct. 17, 2014) (same); *In re Godfrey*, 2009 WL 10670524, at *1 (N.D. Tex. Mar. 24, 2009) (same). It is "neither uncommon nor improper" to do so, because respondents "can later challenge any discovery request by moving to quash" or modify the subpoenas; accordingly, their "due process rights are not violated" by an *ex parte* order. *Gushiak v. Gushiak*, 486 Fed. App'x 215, 217 (2d Cir. 2012).

11. CMPC thus requests that the Court grant CMPC's *ex parte* Application and authorize it to serve a subpoena upon Fernando Lorenzo in the form attached to the Cogo Declaration as Exhibit I.

Dated:    March 13, 2019                              Respectfully submitted,

                                                     JONES WALKER LLP

                                                     */s/ Lara D. Pringle*
                                                     _____
                                                     **LARA D. PRINGLE**
                                                     Attorney-in-Charge
                                                     State Bar No. 24056164
                                                     Federal Bar No. 867760
                                                     811 Main, Suite 2900
                                                     Houston, Texas 77002
                                                     Telephone: 713.437.1800
                                                     Facsimile:  713.437.1810
                                                     lpringle@joneswalker.com

                                                     **AND**

                                                     **COVINGTON & BURLING LLP**

                                                     **NICOLE DUCLOS** (*pro hac vice* pending)
                                                     New York State Bar No. 4190831
                                                     C. William Phillips (*pro hac vice* pending)
                                                     New York State Bar No. 1885573
                                                     Joshua B. Picker (*pro hac vice* pending)
                                                     New York State Bar No. 5125364
                                                     The New York Times Building
                                                     620 Eighth Avenue
                                                     New York, NY 10018
                                                     (212) 841-1000
                                                     nduclos@cov.com
                                                     cphillips@cov.com
                                                     jpicker@cov.com

                                                     ***Attorneys for Applicant CMPC Celulose
                                                     Riograndense Ltda.***